UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAPPEN TECHNOLOGIES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:24-cv-00643-MTS |
| | ) |
| SOCIAL BUSINESS EXPERIENCE INC., | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Court notes that Defendants' Notice of Removal, Doc. [2], has failed to establish the Court's subject matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). In seeking to establish Plaintiff Happen Technologies LLC's Citizenship, Defendants correctly note that, as a limited liability company, Plaintiff's citizenship "is that of its members for diversity jurisdiction purposes." *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *accord Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023) ("Because an LLC's citizenship is that of its members, Great River is a citizen of any state where its members are citizens." (internal quotations omitted)). Defendants, however, do not identify Plaintiff's members.

Rather, Defendants say only that, "[u]pon information and belief," the unidentified members of Plaintiff are "both domiciliaries of Missouri." Doc. [2] at 5. That does not

suffice. *See James v. Moore*, 1:23-cv-00115-SNLJ, 2023 WL 4350944, at *1 (E.D. Mo. July 5, 2023) ("Plaintiff must identify each of the individual members of the defendant LLC and specifically plead the state of their citizenship. Only then can this Court be assured of its own jurisdiction."); *see also, e.g.*, *Smith v. Wesley*, 4:23-cv-01282-MTS, 2023 WL 6639490, at *1 (E.D. Mo. Oct. 12, 2023) (finding removing defendant failed to establish jurisdiction when he failed to identify members of LLC); *Scottsdale Ins. Co. v. Consumer L. Prot., LLC*, 1:23-cv-00101-MTS, 2023 WL 5672175, at *1 (E.D. Mo. Sept. 1, 2023) (finding allegation that LLC's unidentified members were "citizens of Missouri" and "not citizens of Ohio or Arizona" did not suffice where plaintiff failed to identify the members of the LLC).

Further, Defendants' Notice fails to establish that the parties here were diverse "both when the plaintiff initiate[d] the action in state court and when the defendant[s] file[d] the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced"); *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, 4:15-cv-1541-CAS, 2015 WL 5920663, at *1 (E.D. Mo. Oct. 9, 2015) ("Defendant must plead facts as to the state(s) of citizenship of all of its members, and its member's members, both at the time of filing and of removal.")

\* \* \*

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, this Court must "presume[] that a cause lies outside this limited jurisdiction," and "the burden of establishing the contrary rests upon the party

asserting jurisdiction." *Id.* Defendants have not met their burden. *See Barkhorn v. Adlib Assocs., Inc.*, 345 F.2d 173, 174 (9th Cir. 1965) ("Parties cannot confer jurisdiction on a federal court simply by expressing confidence in it."). If Defendants can establish this Court's subject matter jurisdiction, they must file an Amended Notice of Removal to fix the jurisdictional defects the Court has identified herein. *See* 28 U.S.C. § 1653; *see also City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013) (discussing the circumstances under which a party may amend a notice of removal). Failure to do so will result in the remand of this action to Missouri Circuit Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall file an Amended Notice of Removal establishing this Court's subject matter jurisdiction no later than **Monday, May 20, 2024**. Failure to do so will result in the remand of this action to Missouri Circuit Court.

Dated this 9th day of May 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE